JAMES SEYMOUR v. WILLIAM ELMER.

The unsupported affidavit of the respondent may be sufficient to justify an order for a new trial, under § 366 of the Code, in a case brought to this court on appeal from one of the lower courts, where the judgment was obtained upon the testimony of an assignor of the plaintiff above.

Where, upon an application under that section, it was shown that the defendant had employed an attorney who set out for the court room in proper time to reach there at the hour when the summons was returnable—that he was delayed in the street by another client, and arrived fifteen minutes after the hour, finding that the case had been called and a default taken, but that the plaintiff, with his witness and counsel, was still in court, and refused to open the case; it was held, that the default was "satisfactorily excused," and that a new trial should be ordered upon terms.

THIS was an application for a new trial, under § 366 of the Code of Procedure. The action was brought in the Fourth

District Court, and was for rent. In order to establish the averment that "manifest injustice" had been done, the defendant produced on the appeal his own affidavit, wherein facts were alleged constituting a clear defence.

The claim was for rent. Judgment was obtained by the plaintiff by default. To excuse his default, the defendant offered an affidavit of his attorney. It appeared that such attorney had been regularly retained; that he left his residence for the court in time to reach the room at nine o'clock, A. M., when the summons was returnable; that he was met in the street by a client, who engaged him in a conversation upon a special matter of business; that he, through misapprehension respecting the lapse of time, failed to arrive until fifteen minutes after nine; that the justice was still engaged in calling his calendar, having called this cause as the second upon the list; that the plaintiff obtained a recovery, upon the testimony of the assignor of his claim, unsupported by other evidence; that the defendant's attorney thereupon requested the plaintiff, who was present with his attorney and witness, to allow a trial upon payment of the costs of the default, which request was refused.

*Thomas S. Somers*, for the defendant.

*Franklin Brown*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—The absence of the defendant's counsel at the time this cause was called for trial, arose from circumstances liable to occur, without any fault on his part; and the misapprehension under which he was delayed for fifteen minutes after the hour at which the summons was returnable, considered in connection with the fact that the plaintiff's counsel and witness were still in court, and the court willing to take up the cause if the plaintiff's counsel would consent, seem to me sufficiently to excuse the default.

Upon the question whether manifest injustice has been done, the case is not quite so clear. If the facts sworn to by

Seymour *v.* Elmer.

the defendant are true, then injustice is manifestly done by the judgment; and, on the other hand, if the statements of the assignor of the plaintiff are true, the judgment is just. We have heretofore considered, that where it appeared by the papers that the plaintiff's case was established by an indifferent witness, and nothing appeared on the part of the defendant but his own unsupported oath, where he could not himself be a witness on the trial, it would be of no avail to order a new trial, since we were not advised that the result of a new trial could be other than the result of the first. Nor in such case could it be apparent that injustice was done. In this case the assignor of the plaintiff declares himself to be the representative of the plaintiff in the matter of the suit. It is not certain but the assignor may prove to be himself incompetent, and if not, his testimony in the relation he occupies will be received with caution, and, if examined, the defendant himself will be a competent witness to the same matter. Though not without some hesitation, I have come to the conclusion that a new trial should be ordered upon terms.

The defendant must waive any claim—if any he have—to restitution of the costs paid on appealing, and must pay the respondent's costs on appeal, and the parties must appear before the justice, on the fifteenth day of May next, at 10 o'clock, A. M., and proceed with the trial at that time, or on such day as the justice of the District Court may, by adjournment, appoint.

Judgment suspended, and order entered for a new trial upon the above terms.